COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

John P. and Eleanor MURDOCH.

Henrietta O. MURDOCH, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE.

Nos. 14222, 14223.

United States Court of Appeals Third Circuit.

Argued May 9, 1963.

Decided June 7, 1963.

Rehearings Denied July 8, 1963.

David O. Walter, Dept. of Justice, Tax Division, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Alan D. Pekelner, Attorneys, Department of Justice, Washington, D. C., on the brief), for Com'r of Int. Rev.

David P. Brown, Jr., Philadelphia, Pa. (Andrew B. Young, E. Eugene Mason, Philadelphia, Pa., on the brief), for John P. and Eleanor Murdoch.

Henry D. O'Connor, Philadelphia, Pa., for Henrietta O. Murdoch.

Before McLAUGHLIN and FORMAN, Circuit Judges, and COOLAHAN, District Judge.

FORMAN, Circuit Judge.

PETITION FOR REVIEW BY HENRIETTA O. MURDOCH, NO. 14,223

John P. Murdoch and his brother Eugene K. Murdoch, each owned 49% of the stock of John P. Murdoch Company, a business they inherited from their father. For some years prior to his death, in September of 1945, Eugene K. Murdoch was ill and John P. Murdoch managed the business. Eugene K. Murdoch continued to draw a salary until his death, at which time his widow, Henrietta O. Murdoch, inherited his interest. Shortly thereafter John P. Murdoch and Mrs. Murdoch agreed that the physical assets, viz., the real estate and production equipment of the John P. Murdoch Company, at 3630 Haverford Avenue in Philadelphia, would be transferred to a new corporation in exchange for its stock, of which 49% would be issued to Mrs. Murdoch in place of her shares in the John P. Murdoch Company and 49% would be held by Mr. Murdoch. The new corporation was named the 3630 Haverford Avenue Corporation. On December 31, 1946 it leased the premises and equipment to the John P. Murdoch Company for $1,200 per year plus taxes and mortgage interest. This rental arrangement continued until April 1, 1955, when the rent was increased to $5,000 per year without the obligation of the lessor to pay taxes or interest. Meanwhile Mr. Murdoch had been paying Mrs. Murdoch twenty dollars per week which he reduced at this time to ten dollars.

In June 1955 Mrs. Murdoch instituted an equity action against her brother-in-law in which she charged him with having fraudulently induced her to exchange her 49% interest in the stock of the John P. Murdoch Company for 49% of the shares of the stock of 3630 Haverford Avenue Corporation; that the fair rental value of the property and machinery was $6,500 per year, and demanded:

"(a) * * * an accounting of all the profits made by him by virtue of his ownership of 50% of the stock of the John P. Murdoch Company since the 1st day of January, 1945.

"(b) 49% of the fair rental value of the real estate and machinery leased by the 3630 Haverford Avenue Corporation to the John P. Murdoch Company from December 31, 1946 until December 31, 1954.

"(c) A complete accounting of all transactions of the John P. Murdoch Company and the 3630 Haverford Avenue Corporation from the 1st of January, 1945 to date.

"(d) Such other and further relief as this court may deem appropriate in the premises."

The litigation was settled before trial on December 11, 1957, as a result of which Mrs. Murdoch executed two documents. One was designated a "Release" and provided as consideration for the payment to her of $16,500 that she released John P. Murdoch from all claims including those encompassed in the equity action and as well released the John P. Murdoch Company and the 3630 Haverford Avenue Corporation from all claims. The other document was designated a "Bill of Sale" and provided that in consideration of the payment to her of $20,000 she assigned to Mr. Murdoch her stock in the 3630 Haverford Avenue Corporation. Two checks were made by Mr. Murdoch payable to her lawyers. One was for $16,500 and contained on its face the statement "Payment in release of all claims in suit of Murdoch v. Murdoch, C.P.I." The other was in the sum of $20,000 and was marked "Payment in full for 49% shares 3630 Haverford Ave. Corp. stock."

In her income tax return for the year 1957 Mrs. Murdoch reported the full amount of $36,500 received from Mr. Murdoch as proceeds of the sale of "John P. Murdoch Co." and the resulting gain as being long term capital gain. The Commissioner determined that $16,500 of the $36,500 payment was taxable as ordinary income.

The Tax Court sustained the position of the Commissioner.[1]

Mrs. Murdoch seeks a review of the determination of the Tax Court. She asserts that the entire payment of $36,500 to her was a "sale or exchange" of a capital asset within the meaning of §§ 1221 and 1222 of the Internal Revenue Code of 1954 and that no part of it was ordinary income to her.

The pith of her argument is that Mr. Murdoch fraudulently induced her to part with her stock in the Murdoch Company for an amount less than subsequent disclosure revealed the book value to be; that Mr. Murdoch, individually, owed her no duty to pay income on her interest in the Murdoch Company; that the only source to which she could look for income was the Murdoch Company by way of dividends and that she did not make the company a party to her suit. Under these circumstances she reasons that her suit was for the restoration of her stock in the Murdoch Company and that the aggregate sum of $36,500 which she recovered in the settlement represents value for that stock, no part of which is susceptible of being characterized as ordinary income.

The Tax Court considered that the nature and basis of her law suit and its settlement were revealed in her complaint and the papers which documented the settlement. It held that, absent other evidence to import meaning to the writings different from their contents, it was left with no other course than to find that the taxable nature of the $16,500 payment consistent with her complaint was in settlement of her demand upon Mr. Murdoch to account to her for profits to which she claimed to be entitled.

It has been said that:

"It is now well settled that the classification for tax purposes, of amounts received in settlement of litigation is to be determined by the nature and basis of the action settled. Amounts received in compromise of a claim must be considered as the same nature as the right compromised." (Footnotes omitted.) 3B Mertens, Law of Federal Income Taxation, § 22.93, at 358–359 (1958).

Carter's Estate v. C.I.R. 298 F.2d 192, 195 (8 Cir. 1962), cert. denied 370 U.S. 910, 82 S.Ct. 1257, 8 L.Ed.2d 404 (1962);

1. John P. Murdoch, T.C.Memo. 1962–196, 7 C.C.H. 1962, Stand.Fed.Tax Rep. ¶ 7615(M).

Fowler Hosiery Co., 36 T.C. 201, 223–224 (1961) aff'd 301 F.2d 394 (7 Cir. 1962); Estate of Longino, 32 T.C. 904 (1959); Goldsmith, 22 T.C. 1137, 1144–1145 (1954); Peter K. Pappas, T.C. Memo. 1962-203, 7 C.C.H. 1962, Stand. Fed.Tax Rep. ¶ 7628(M). The taxpayer has the burden of proving what portion, if any, of a settlement is entitled to capital gains treatment. Carter's Estate v. C. I. R., supra, 298 F.2d at 194–195; Peter K. Pappas, supra.

■ A review of the record in the Tax Court satisfies us that Henrietta O. Murdoch did not sustain her burden of proof and that there is substantial evidence to sustain the judgment of the Tax Court that the $16,500 payment was taxable as ordinary income. Hence, the judgment of the Tax Court sought to be reviewed in case No. 14,223 will be affirmed.

PETITION FOR REVIEW BY COMMISSIONER OF INTERNAL REVENUE NO. 14,222

In the joint return for the year 1957 by John P. Murdoch and his wife, Eleanor, the payment of $16,500, which is the subject of review in the foregoing case, No. 14,223, together with $3,582.30 for attorney's fees expended in connection with the suit of Henrietta O. Murdoch against Mr. Murdoch, was deducted as an ordinary and necessary business expense under § 162(a), or in the alternative, under § 212 of the Internal Revenue Code of 1954. In the Tax Court the Commissioner conceded that there should be "consistent treatment of the payment" in both cases.[2] The Tax Court accordingly, having found against the claim of deductibility by Mrs. Murdoch, held that Mr. Murdoch was entitled to the deduction of $16,500, based on the concession of the Commissioner, as well as the deduction of the attorney's fees, since the Commissioner had also expressed no objections to the same treatment of the fees as accorded the payment of $16,500.

2. The issues underlying the petitions for review in No. 14,223 and No. 14.222 ■

The present petition for review by the Commissioner is of a "protective" nature to cover the contingency that would ensue if the Tax Court's judgment against the claim for deduction by Mrs. Murdoch were reversed. We intimate no opinion on the merits of the deductibility of the items claimed by Mr. Murdoch. The judgment of the Tax Court that he is entitled to deduct the payment of $16,500 and attorney's fees of $3,582.30, based on the concession made by the Commissioner, will be affirmed.

were heard together both in the Tax Court and here.